

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-5224

Re: Whether or not the Comptroller should accept an order of the Guadalupe-Blanco River Authority and the agreement of E. M. Cape as a settlement of the amount due the State as the result of an illegal payment made by the Authority to Mr. Cape.

Your request for an opinion from this department reads as follows:

"As a result of your opinion O-5117 addressed to the Honorable J. E. Winfree, Chairman of the Special Committee of the House of Representatives, I requested Mr. E. M. Cape to return to the State Treasury the amount of money which he illegally drew from the appropriation made to the Guadalupe-Blanco River Authority.

"On April 12 I received a letter from Mr. Cape, together with an excerpt from the minutes of the Board of Directors of the Guadalupe-Blanco River Authority on April 9, 1943. I am enclosing this copy of the minutes and ask your advice as to the acceptance of this order as a settlement of the amount due the State as a result of the illegal payment made to Mr. Cape."

Accompanying your letter is a copy of the order of the Authority, together with Mr. Cape's assent, as follows:

COPY

"WHEREAS, E. M. Cape, a member of the Board of Directors of the Guadalupe-Blanco River Authority, was on the 11th day of April, 1938, duly elected and appointed by that Board of Directors as General Manager of the Authority, and thereafter, from and including June, 1938, by order of the Board of Directors, has been paid $100 per month, which was denominated as 'salary' for special services performed by him for the Board and the District, in addition to those duties incumbent upon him as a Director of the Authority, and has been paid certain expenses incurred by him on behalf of the Authority in his capacity as General Manager, which 'salary' and expenses were paid to said Cape in his capacity as General Manager under and by virtue of two opinions rendered by a former Attorney General of Texas, wherein it was held that a member of the Board of Directors of such a District may act as General Manager, and, while so acting, receive compensation different and in addition to the per diem compensation for attending meetings and performing services as a member of the Board of Directors; and,

"WHEREAS, thereafter, the Honorable Gerald C. Mann, Attorney General of Texas, in his opinion of March 11, 1943, No. O-5117, addressed to the Honorable J. E. Winfree, Chairman of the Special Committee of the House of Representatives, held such payments to said Cape, as General Manager of the Authority, to be not legal payments; and,

"WHEREAS, at the time said sum of $100 per month was ordered paid to said Cape as a 'salary', it was intended by the Board to be compensation to a Director of the Authority for extra per diem and expenses incurred by him at the direction of the Board as a Director of the District performing special and extraordinary services for the Authority and the District, including stenographic expenses by him incurred and expenses incurred by him in furnishing office facilities, stationery and supplies, postage, and other expenses necessary in order to enable of the proper performance of such special services rendered to the Board and the District; and,

"WHEREAS, this Board of Directors has reviewed the extra expense incurred by the said General Manager, and has also reviewed the extra per diem earned by him as a Director of the Authority acting under the direction of the Board of Directors, for none of which payment has otherwise been made, and finds the fact to be that such items far exceed the sums so paid to said Cape and denominated as 'salary' to him as

General Manager of the Authority; and,

"WHEREAS, this Resolution in no manner refers to, includes, or affects any sum owing by this Authority or for which it may be liable to said Cape as General Counsel or attorney for the Authority, and any such sum is not included herein, this Resolution referring only to the so-called 'salary' of $100 per month heretofore paid to said Cape in his capacity as General Manager and expenses incurred by and paid to him as such; Now, therefore:

"BE IT RESOLVED by the Board of Directors of the Guadalupe-Blanco River Authority that all of the matters set forth in the preamble hereof be, and the same are hereby, by this Board found to be true and correct as stated, and that the Authority, except for the payments already made as aforesaid and accepted by said Cape, would be indebted to said Cape in a sum in excess of all sums paid to him as expenses and as such salary; and

"BE IT further RESOLVED that, in consideration of the cancellation of any claim on the part of said Cape as against this Authority for any amount which it would be indebted to him by virtue of the matters aforesaid, any claim on the part of this Authority for a return of any sum so paid to said Cape as 'salary' as General Manager, or as expenses incurred by him as General Manager, be, and same are hereby, in all things cancelled; and

"BE IT further RESOLVED that, in view of the opinion of the Attorney General as aforesaid, no further sums as compensation in the form of salary or expense be paid to the said E. M. Cape in his capacity as General Manager of the Authority, and that all of his actions hereafter performed as General Manager, until further action of this Board, shall be without compensation from the Authority to him as such General Manager."

"The motion was seconded by Director Combs, and the Chair ordered the roll called on adoption of the Resolution, with the following result:

"AYES: Ogden, Wagenfuehr Schumann, Hoskins, Combs;

"NOES: None;

"PRESENT AND NOT VOTING: Cape;

whereupon, the Chairman declared the result as being five Ayes and no Noes, and that the Resolution was duly adopted and the motion prevailed.

"Thereupon, the said E. M. Cape agreed with this Board of Directors and the Authority to accept the terms of said Resolution, and to cancel any claim upon his part against the Authority for any amount for which the Authority would be indebted to him by virtue of the matters aforesaid, relating to sums for which the Authority would be indebted to him for per diem and expenses as a Director of the Authority as shown by said Resolution, and presented to the Board his written acceptance and acknowledgment to such effect, which is as follows:

"'Board of Directors
Guadalupe-Blanco River Authority
New Braunfels, Texas
"'Gentlemen:

"'By a Resolution adopted by you on April 9, 1943, you cancelled any claim against me for repayment of sums of money paid to me from and including June, 1933, as a "salary" for special services performed by me as General Manager for the Board of Directors and the District and for expenses incurred by me in my capacity as such General Manager, the terms of which Resolution were by me in open meeting accepted.

"'This will serve to confirm my express acceptance of all the terms and conditions of such Resolution, which is incorporated herein by reference.

"'Very truly yours,
"'(S) E. M. CAPE
"'E. M. CAPE.'"

"Thereupon, the Board of Directors unanimously directed the Chairman of this Board to inform the Honorable George H. Sheppard, Comptroller of Public Accounts of the State of Texas, of the fact that H. A. Wagenfuehr, the Secretary-Treasurer of this Authority, has never at any time drawn any salary or compensation from the Authority for any services performed by him as Secretary-treasurer, the only compensation ever paid said Wagenfuehr having been paid him in his capacity as a Director of the Authority for his per diem of $10 for each day spent in attending meetings of the Board and other business of the District as directed by the Board, plus actual traveling and other expenses."

We beg to advise that it is the opinion of this department the arrangement consummated by the order of the Authority with Mr. Cape is sufficient to meet the situation involved, and that your inquiry, therefore, should be answered accordingly.

The question with which we are presently concerned is not identical with that presented and decided in our Opinion No. O-5117, but rather it is one arising in the light of the resolution and assent above quoted -- a subsequent transaction.

In the course of that opinion it was stated:

> "In Section 4 of the statute it provides that each Director shall receive $10.00 per day for each day spent in attending meetings of the Board and other business of the District that the Board thinks necessary. Of course, the Director in question is entitled to compensation under that provision if he qualifies under said provision."

We called your attention to the above language of O-5117 in our Opinion No.O-5170.

The resolution reveals that Mr. Cape does qualify under that provision, and, in the light of the Authority's order and Mr. Cape's assent, the case stands as though no illegal payment had ever actually been made.

APPROVED APR 24, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

